# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JULIUS E. EDWARDS**                                                                                    **PLAINTIFF**

**v.**                                   **No. 3:16CV83-NBB-RP**

**CASE MANAGER D. THOMAS**
**SUPERVISOR ROCHA**                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Julius E. Edwards, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants denied him access to the California Supreme Court by misdirecting his mail. The defendants have moved [27] for summary judgment; the plaintiff has responded, and the defendants have offered rebuttal in support of summary judgment. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion [27] for summary judgment will be granted, and judgment will be entered in favor of the defendants.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Factual Allegations**

This is an action filed by a California inmate confined at the Tallahatchie County Correctional Facility ("TCCF"), a private prison owned and operated by CoreCivic, Inc. ("CoreCivic"). *See generally* Pl.'s Complaint. Doc. 1. CoreCivic employs Defendant Roach, referenced as a "case manager" in the complaint – and Defendant Thomas, a "unit manager" and Roach's supervisor, at the TCCF. *Id.* at 3.

Edwards claims that on January 6, 2016, he provided "very important legal documents," including a writ of habeas corpus and court transcripts, to Thomas to be mailed to the "California Supreme Court[]." *Id.* at 5. Edwards alleges that, after providing his outgoing legal mail to Thomas, he "contacted the court[] several months later to check the status" of his documents, but the mail had not been received. *Id.*

On March 31, 2016, Edwards filed an inmate grievance against Thomas, claiming that he "gave [Thomas his] legal mail to send to the California Supreme Court" but "[i]t never made it," and seeking staff assistance to locate the documents. *Id.* at 9. In response, Roach investigated the matter and interviewed Thomas, who stated that she placed Edwards' legal documents in the mail. *Id.* On April 19, 2016, Edwards filed a First Level Appeal, which resulted in an his interview by TCCF's Grievance Coordinator at the time, Patricia Smith. *See* Ex. 1 to Ex. A of the Defendants' Motion for Summary Judgment. That interview occurred on June 3, 2016. *Id*. During the interview, Edwards told Smith that "he had a deadline to get this documentation to the courts." *Id.* Smith contacted staff with the California Supreme Court, who informed her that "[Edwards] has no deadline and can to this time, file his writ of *habeas corpus*." *Id.* at 2. Edwards' First Level Appeal was thus denied. *Id.*

On April 20, 2016, Edwards filed the instant suit in the United States District Court for the Central District of California against the defendants in their official capacities under 42 U.S.C. § 1983, alleging that they interfered with his legal mail and impeded his right of access to courts. Doc. 1 at 1, 3. On May 3, 2016, that court transferred the case to this one. *See* Doc. 4.

**Exhaustion of Administrative Remedies**

As set forth below, the instant case must be dismissed because the plaintiff has not exhausted the administrative remedies available to him regarding this claim. Congress enacted the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e *et seq.* – including its requirement that inmates exhaust their administrative remedies prior to filing suit – in an effort to address the large number of prisoner complaints filed in federal courts. *See Jones v. Bock*, 549 U.S. 199, 202 (2007). Congress meant for the exhaustion requirement to be an effective tool to help weed out the frivolous claims from the colorable ones:

> Prisoner litigation continues to 'account for an outsized share of filings' in federal district courts. *Woodford v. Ngo*, 548 U.S. 81, 94, n. 4, 126 S.Ct. 2378 (2006) (slip op., at 12, n.4). In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations. Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of non-meritorious claims does not submerge and effectively preclude consideration of the allegations with merit. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
>
> Congress addressed that challenge in the PLRA. What this country needs, Congress decided, is fewer and better prisoner suits. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits"). To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.

*Jones v. Bock*, 549 U.S. 199, 203 (2007).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. §1983. The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S.81, 89 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); see also *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008)( the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement)(*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty.Med.Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11,2008)( under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). Indeed, "a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). As "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. The Supreme Court has also recognized the need for a prisoner to face a significant consequence for deviating from the prison grievance procedural rules:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford* at 95.

The California Department of Corrections and Rehabilitation had adopted a grievance procedure, and Mr. Edwards acknowledges that did not follow the procedure in this case. Instead of following the established procedure, Mr. Edwards stated that doing so was "futile," and he terminated the process prior to its conclusion. As such, the defendants' motion [27] for summary judgment will be granted, and this case will be dismissed without prejudice for failure to exhaust administrative remedies.

## Conclusion

For the reasons set forth above, the plaintiff did not exhaust the administrative remedies available to him, and the case will be dismissed for that reason. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED** this, the 1st day of June, 2017.

       /s/ Neal Biggers
       NEAL B. BIGGERS
       SENIOR U. S. DISTRICT JUDGE